IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv482

| | |
|---|---|
| **JERRY L. ROSS, JR.,** ) | |
| ) | |
| **Plaintiff, pro se,** ) | |
| ) | |
| Vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| **Gordon & Weinberg, P.C.,** ) | |
| **Unifund CCR Partners,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

This matter is before the court on defendants' motion to dismiss the amended complaint [docket #17], and on a motion to strike by the pro se plaintiff [docket #22]. This is essentially a Fair Debt Collection Practices Act case, in which plaintiff alleges that defendants wrongly placed a lien against a home belonging to plaintiff's father in order to satisfy a judgment on a debt owed by plaintiff.

**I. Background**

Pro se plaintiff Jerry L. Ross, Jr., a North Carolina resident, has brought this action against defendants Unifund CCR Partners ("Unifund") and Gordon & Weinberg, P.C. Unifund is a debt collection agency, and Gordon & Weinberg is a Pennsylvania law firm. Plaintiff filed his original complaint in this action on November 9, 2009. On December 22, 2009, defendants filed a motion to dismiss the complaint. On January 7, 2010, plaintiff filed an amended complaint. In the amended complaint, plaintiff alleges that defendants violated

1

the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by placing a lien against a home in Pennsylvania belonging to plaintiff's father to satisfy Unifund's judgment against plaintiff for a debt of $14,855.70 that plaintiff had originally owed to Citibank (South Dakota) National Association. (Am. Compl. ¶¶ 1-3, Exs. 1, 4, 8). In addition to his FDCPA claim, and based on the same facts, plaintiff has alleged that one or both defendants are liable under the following state and federal causes of action: (1) defamation; (2) slander; (3) intentional infliction of emotional distress; (4) fraud; (5) negligence/gross negligence; (6) invasion of privacy; (7) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; (8) malpractice; (9) violation of the Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. § 2520 et seq.; (10) malicious prosecution; (11) violation of Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA"), 73 PA. CONS. STAT. § 2270.1 et seq.; (12) negligent hiring; and (13) conspiracy. Plaintiff also generally alleges that defendants committed neglectant conduct, fraudulent conduct, fraudulent filing, abuse of authority, perjury, outrageous conduct, violation of a right to fair trial, violation of the full faith and credit clause, and violation of the right to earn a fair wage.

On January 22, 2010, defendants filed the pending motion to dismiss the amended complaint. Defendants contend that the FDCPA claim is clearly barred by the applicable one-year statute of limitations and otherwise fails to state a claim. Defendants further contend that plaintiff fails to state a claim for each of his remaining state and federal claims. Furthermore, defendant Gordon & Weinberg seeks dismissal based on lack of personal

2

jurisdiction. To support Gordon & Weinberg's contention that dismissal is appropriate based on lack of personal jurisdiction, Gordon & Weinberg submitted a Declaration of Frederic I. Weinberg. On June 1, 2010, plaintiff filed a motion to strike the Weinberg Declaration.

**II.     Standard of Review**

Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

The duty of fair notice under Rule 8(a), however, requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citation omitted). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (clarifying *Twombly*). With these principles in mind, the court now turns to the motion to dismiss.

The following facts are taken as true for the purpose of the pending motion to dismiss:

3

Plaintiff Jerry L. Ross, Jr., lives in North Carolina. Plaintiff's father, Jerry L. Ross, Sr., lives and owns a home in Pennsylvania. Plaintiff owed a debt of $14,855.70 to Citibank (South Dakota) National Association. At some point, Unifund purchased plaintiff's debt from Citibank. (*See* Am. Compl. Ex. 7.) Unifund referred plaintiff's debt to Gordon & Weinberg for collection. (*Id.*) On January 3, 2006, Unifund, through Gordon & Weinberg, filed suit in the Court of Common Pleas of Montgomery County, Pennsylvania against plaintiff to collect on the debt. (*See* Am. Compl. Ex. 2; *see also* certified copy of court docket, attached to Def.'s Br. as Ex. A, docket no. 18.)

On February 28, 2006, the Pennsylvania court entered judgment in favor of Unifund against plaintiff for $14,855.70. (*Id.*) On November 29, 2007, Unifund filed a Writ of Execution to satisfy the judgment, interest, and costs against plaintiff. (Am. Compl. Exs. 2 & 8.) The Writ of Execution directed the sheriff to levy and attach certain property to satisfy the judgment. (*Id.*) On November 29, 2007, a Notice of the Writ of Execution was served at the residence of plaintiff's father's home at the address of 2636 Arnaud Ave., Glenside, Pennsylvania. (Am. Compl. Exs. 2 & 4.) On December 10, 2007, Unifund thereafter served PNC Bank with certain garnishment interrogatories, and PNC Bank responded on January 22, 2008. (*See* Am. Compl. Ex. 2; *see also* Def.'s Br. Ex. A, docket no. 18.) Thereafter, a judgment lien was placed against plaintiff's father's address of 2636 Arnaud Ave., Glenside, Pennsylvania. According to plaintiff, the filing of the lien against his father's home "destroyed his father's credit report." (*See* Am. Compl., Brief Summary and Jurisdiction.") Plaintiff further alleges that defendants had "full knowledge" that plaintiff lived in Charlotte

and that plaintiff did not own the residence at 2636 Arnaud Ave., Glenside, Pennsylvania. (*See id.*)

**III.     Analysis**

**1.     Defendants' Contention that Plaintiff's FDCPA Claim Is Time-Barred**

A plaintiff must bring an action for violation of the FDCPA within "one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). "Generally, the statute of limitations begins to run when a communication violating the FDCPA is sent." *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 501 (D. Md. 2004); *see also Llewellyn v. Shearson Fin. Network, Inc.*, 622 F. Supp. 2d 1062, 1073 (D. Colo. 2009) ("An FDCPA claim accrues at the time the false or misleading communication is made."); *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995) (holding that the one-year period of limitations for actions alleging violations of the FDCPA began to run on the day after a debt collector mailed a debt collection letter).

In the context of a complaint alleging a violation of the FDCPA based on the filing of a collection action, the cause of action accrues either at the time the defendant files the collection suit or the time of service. *See, e.g., Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (holding that a FDCPA claim was barred by the one-year statute of limitations because "the statute of limitations began to run on the filing of the complaint in the Municipal Court"); *cf. Schaffhauser v. Burton Neil & Assocs., P.C.*, No. 1:05-CV-02075, 2008 WL 857523, at *2 (M.D. Pa. Mar. 27, 2008) ("An alleged violation arising out of a lawsuit filed to collect on a debt occurs either on the date the lawsuit is filed, or on the date that the

5

complaint is served upon the plaintiff." (internal citations omitted)), *aff'd sub nom. Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128 (3rd Cir. 2009).

An FDCPA action may also accrue "when the debtor should have known of the violation, even if the debtor may not be actually aware of the violation." *Boccone v. Am. Express Co.*, No. RDB 05-3436, 2007 WL 2914909, at *4 (D. Md. Oct. 4, 2007). Plaintiff alleges in the amended complaint that defendants violated the FDCPA in three ways: (1) by removing a judgment from plaintiff's and plaintiff's father's credit reports in April and May 2009 (Am. Compl. ¶¶ 6, 10); (2) by serving the complaint on January 10, 2006, at the address of plaintiff's father (Am. Compl. 1, ¶¶ 1-2, Ex. 1); and (3) by placing a lien against plaintiff's father's home to satisfy Unifund's judgment (Am. Compl. 1, ¶ 3, Exs. 4 & 8). Defendants contend that plaintiff's first allegation fails to state a claim under the FDCPA, and plaintiff's remaining allegations are time-barred. For the following reasons, the court agrees.

First, as for plaintiff's contention that defendants violated the FDCPA by removing a judgment from plaintiff's and plaintiff's father's credit reports in April and May 2009, removing a judgment from a credit report is not a violation of any provision in the FDCPA. The remainder of plaintiff's basis for his FDCPA claim is based on his allegation that defendants violated the FDCPA by serving the complaint on January 10, 2006, at the address of plaintiff's father (Am. Compl. 1, ¶¶ 1-2, Ex. 1), and by placing a lien against plaintiff's father's home to satisfy Unifund's judgment on November 29, 2007. (Am. Compl. 1, ¶ 3, Exs. 4 & 8). At the very latest, plaintiff should have known of an alleged FDCPA violation at the time defendants sent notification of the writ of execution, on November 29, 2007.

Plaintiff filed his complaint on November 9, 2009, almost two years after the last act allegedly in violation of the FDCPA. Other than the removal of a judgment from plaintiff's and plaintiff's father's credit reports in April and May 2009, which is not a FDCPA violation, the latest conduct or communication alleged in plaintiff's amended complaint occurred on November 29, 2007. Thus, plaintiff failed to plead any facts under which an FDCPA cause of action could have accrued any later than November 29, 2007. In sum, the FDCPA claim is barred by the one-year statute of limitations.[1]

2. **Defendants' Motion to Dismiss Plaintiff's Remaining Claims Against Defendants**

As to the remaining claims against defendants, plaintiff simply fails to meet the standards of *Twombly* and *Iqbal*. Thus, the remaining claims will all be dismissed for failure to state a claim, as explained below.

a. Defamation

As to plaintiff's defamation claim, to state a claim for defamation, a plaintiff must allege that a defendant injured plaintiff by making false, defamatory statements about plaintiff, which were published to a third person. *Holleman v. Aiken*, 668 S.E.2d 579, 587 (N.C. App. 2008). Plaintiff fails to state a claim for defamation because he fails in his amended complaint to allege that defendants made any false statements about him that were

---

[1] Furthermore, as to the judgment lien placed against plaintiff's father's home, plaintiff does not even appear to have standing to bring a FDCPA claim. Although plaintiff's father no doubt suffered an injury as a result of a judgment lien being placed on his home for a debt that was not his own, plaintiff has failed to show how plaintiff himself has suffered injury as a result of the lien.

published to a third person.[2] Thus, this claim will be dismissed.

b.  Slander

As to plaintiff's slander claim, slander is a form of defamation in which a plaintiff must allege sufficient facts to show that a defendant spoke "defamatory words which tend to prejudice another in his reputation, office, trade, business, or means of livelihood." *Smith-Price v. Charter Behavioral Health Sys.*, 595 S.E.2d 778, 783 (N.C. App. 2004). As with the general defamation claim, plaintiff fails to allege the elements of a slander claim. Thus, this claim will be dismissed.

c.  Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress, a plaintiff must allege that a defendant committed extreme and outrageous conduct that caused the plaintiff severe emotional distress. *Holleman*, 668 S.E.2d at 590. With regard to this claim, plaintiff has done no more than recite the threadbare elements of this claim without any factual support. Thus, he fails to state a claim for intentional infliction of emotional distress, and this claim will be dismissed.

d.  Fraud

As to plaintiff's fraud claim, the elements of fraud include: (1) a false representation or concealment of material fact; (2) reasonably calculated to deceive; (3) which in fact does deceive; (4) resulting in damage to the injured party. *Bob Timberlake Collection, Inc. v.*

---

[2] The court notes, for instance, that plaintiff cannot claim that defendants made false statements about the debt owed by plaintiff; plaintiff has admitted that he owed the original debt that Citbank sold to Unifund.

*Edwards*, 626 S.E.2d 315, 321 (N.C. App. 2006). The elements of a fraud claim must be alleged with particularity. *Id.*; *see also* N.C. R. CIV. P. 9(b).

To plead fraud with particularity, a plaintiff must allege the "time, place and content of the fraudulent representation, identity of the person making the representation and what was obtained as a result of the fraudulent acts or representations." *Bob Timberlake Collection, Inc.*, 626 S.E.2d at 321 (quoting *Terry v. Terry*, 273 S.E.2d 674, 678 (N.C. 1981)). Here, plaintiff has failed to plead fraud with particularity because he failed to allege the time, place, and content of any alleged fraudulent representation, the identity of the person making the alleged representation, and what was obtained as a result of the alleged fraudulent acts or representation. As plaintiff fails to state a claim for fraud, this claim will be dismissed.

   e. Negligence and/or Gross Negligence

As to plaintiff's negligence and/or gross negligence claim, to state a claim for negligence, a plaintiff must allege that a defendant breached a legal duty and thereby caused injury to the plaintiff. *Stojanik ex rel. Estate of Woodring v. R.E.A.C.H. of Jackson County, Inc.*, 668 S.E.2d 786, 788 (N.C. App. 2008). Here, plaintiff failed to allege a duty on behalf of defendants, plaintiff failed to allege a breach of duty, and plaintiff failed to allege that any alleged breach caused him injury. Furthermore, plaintiff's negligence claims against defendant Gordon & Weinberg, a law firm, are barred by North Carolina law and public policy. *See Petrou v. Hale*, 260 S.E.2d 130, 135 (N.C. App. 1979) (noting that, as a matter of policy, North Carolina courts do not permit negligence claims to be asserted against

9

lawyers by adverse parties in the litigation context). Thus, this claim will be dismissed.

   f.   Invasion of Privacy

As to plaintiff's claim for invasion of privacy, to state a claim for invasion of privacy, a plaintiff must allege facts sufficient to show that a defendant made an actual intrusion; that the intrusion would be objectionable to a reasonable person; and that the intrusion was upon the plaintiff's privacy or seclusion. *Binkley v. Loughran*, 714 F. Supp. 776, 780 (M.D.N.C. 1989). Here, plaintiff failed to allege that any supposed intrusion would be objectionable to a reasonable person. As to the other required elements of the claim, plaintiff has done nothing more than recite elements without factual support, which is insufficient to survive a motion to dismiss. Thus, this claim will be dismissed.

   g.   Fair Credit Reporting Act

As to plaintiff's Fair Credit Reporting Act ("FCRA") claim, plaintiff did not cite to any specific provision of the FCRA in the amended complaint. Plaintiff appears to allege that defendants failed to furnish accurate information to the consumer reporting agencies in violation of 15 U.S.C. § 1681s-2(a). (*See* Am. Compl. ¶ 11 ("The defendants . . . have falsely reported a Judgment that was never served upon plaintiff to the credit bureau.").) However, there is no private right of action for failing to provide accurate information in violation of 15 U.S.C. § 1681s-2(a). *Donovan v. Bank of Am.*, 574 F. Supp. 2d 192, 205 (D. Me. 2008). Rather, enforcement of Section 1681s-2(a)'s duty on furnishers to report accurate information is limited to federal agencies and officials and state officials. 15 U.S.C. § 1681s-2(d); *see also Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222, 1230 (C.D.

Cal. 2007) (holding that a plaintiff's "FCRA Section 1682s-2(a) claim [was] barred because there is no private right of action for violations of that section of the statute"). Thus, this claim will be dismissed.

    h.    Malpractice

As to plaintiff's claim for "malpractice," to state a claim for malpractice, a plaintiff must allege that an attorney breached duties owed to his client and that this negligence proximately caused damage to the plaintiff. *Wood v. Hollingsworth*, 603 S.E.2d 388, 392 (N.C. App. 2004). Here, plaintiff did not allege an attorney-client relationship with either defendant giving rise to any duty to plaintiff. Plaintiff therefore fails to state a claim against defendants for malpractice. *See Anderson v. Derrick*, No. 1:06CV264, 2007 WL 1166041, at *4 (W.D.N.C. Apr. 12, 2007) (noting that under North Carolina law a claim for legal malpractice is only available to a client) (citing *Fox v. Wilson*, 354 S.E.2d 737, 742 (N.C. App. 1987)). Thus, this claim will be dismissed.

    i.    Electronic Communications Privacy Act ("ECPA")

Plaintiff alleges that defendants violated the federal wiretapping statute by accessing his credit report. *See* 18 U.S.C. § 2520(a) (stating that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate"). The ECPA "created civil liability for intentionally intercepting electronic communications without a judicial warrant." *Huber v. N.C. State Univ.*, 594 S.E.2d 402, 406 (N.C. App. 2004). The ECPA

simply does not apply to a debt collector's access of a person's credit report. Thus, this claim will be dismissed.

j. Malicious Prosecution

As to plaintiff's claim for malicious prosecution, to state a claim for malicious prosecution, a plaintiff must allege (1) the defendant initiated an earlier proceeding; (2) malice on the part of defendant in doing so; (3) lack of probable cause for the initiation of the earlier proceeding; and (4) termination of the earlier proceeding in favor of the plaintiff. *Strickland v. Hedrick*, 669 S.E.2d 61, 71 (N.C. App. 2008). Furthermore, when the claim is based on a prior civil (as opposed to criminal) proceeding, as here, the plaintiff must also plead special damages as a required element of the cause of action. *Stanback v. Stanback*, 254 S.E.2d 611, 625-26 (N.C. 1979). Plaintiff has simply failed to allege any of these required elements. Thus, this claim will be dismissed.

k. Plaintiff's Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") Claim

As to plaintiff's claim under the Pennsylvania FCEUA, the FCEUA states, "[i]t shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act." 73 PA. CONS. STAT. § 2270.4(a). Plaintiff has failed to allege any specific provision of the FDCPA that defendants allegedly violated. In any event, this court lacks jurisdiction over plaintiff's claim, which is based on a Pennsylvania statute. *See* 73 PA. CONS. STAT. § 2270.5(b) ("An action to enforce any liability created by this act may be brought in any court of competent

jurisdiction in this Commonwealth [of Pennsylvania] within two years from the date on which the violation occurs."). Thus, this claim will be dismissed.

      l.      Negligent Hiring/Neglectant Hiring

To state a claim for negligent hiring, a plaintiff must allege "(1) the specific negligent act on which the action is founded . . . (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; and (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in 'oversight and supervision,' . . . ; and (4) that the injury complained of resulted from the incompetency proved." *Foster v. Nash-Rocky Mount County Bd. of Educ.*, 665 S.E.2d 745, 750 (N.C. App. 2008) (quoting *Medlin v. Bass*, 398 S.E.2d 460, 462 (N.C. App. 1990) (alteration in original)). Plaintiff has failed to allege any of these elements. Thus, this claim will be dismissed.

      m.      Conspiracy

To state a claim for civil conspiracy, a plaintiff must allege (1) an agreement between two or more individuals; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) resulting in injury to plaintiff inflicted by one or more of the conspirators; and (4) pursuant to a common scheme. *Elliott v. Elliott*, 683 S.E.2d 405, 409 (N.C. App. 2009). Here, plaintiff has failed to plead any agreement to do an unlawful act pursuant to a common scheme. Thus, this claim will be dismissed.

      n.      Plaintiff's Remaining Asserted "Claims"

Finally, to the extent that plaintiff also generally alleges that defendants committed "neglectant" conduct, fraudulent conduct, fraudulent filing, abuse of authority, perjury, outrageous conduct, violation of a right to fair trial, violation of the full faith and credit clause, and violation of the right to earn a fair wage, there is either no such legal claim, or plaintiff fails to state a claim as to any of these actions.

3. **Defendant Gordon & Weinberg, P.C.'s Motion to Dismiss for Lack of Personal Jurisdiction**

Defendant Gordon & Weinberg, P.C., a Pennsylvania law firm, seeks dismissal for lack of personal jurisdiction based on its contention that it has no contacts with North Carolina. Frederic I. Weinberg has submitted a declaration in support of the motion to dismiss. The Declaration states that the law firm limits its practice to Pennsylvania and New Jersey; has no offices, email accounts, bank accounts, or contacts in North Carolina; and performs no collection activity or legal services in North Carolina. The court will grant the motion to dismiss by defendant Gordon & Weinberg based on lack of personal jurisdiction.

4. **Plaintiff's Motion to Strike the Weinberg Declaration**

Plaintiff has filed a motion to strike the Weinberg Declaration. The court will deny the motion to strike, as plaintiff's stated reasons for the motion are baseless.

IV. **Conclusion**

In sum, the court will grant defendants' motion to dismiss [docket #17] and dismiss the amended complaint with prejudice. Furthermore, the court will deny plaintiff's motion to strike [docket #22]. Finally, defendants' motion to dismiss [docket #11] the original

14

complaint was mooted by plaintiff's filing of the amended complaint. Thus, the clerk is ordered to make an entry noting that the motion docketed as #11 is terminated.

Signed: August 30, 2011

Max O. Cogburn Jr.
United States District Judge